UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
JOSEPH A. FERRARA, SR., et al.,                :
                                                :
                           Plaintiffs,    :          ORDER
                                                :          11-CV-1828 (CBA)
      -against-                            :
                                                :
MI DAN EQUIPMENT CORP.,                         :
                                                :
                           Defendant.     :
------------------------------------------------------------------- x
GOLD, STEVEN M., U.S.M.J.:

      Plaintiffs, trustees of Local 282 Welfare, Pension, Annuity, Job Training, and Vacation and Sick Leave Trust Funds (collectively, the "Funds"), bring this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132, 1145. Plaintiffs allege that defendant failed to comply with a requirement to submit the records of its affiliate, Nico Asphalt Paving Inc. ("Nico"), for an audit for the period of January 1, 2007 through the date of the audit. Accordingly, plaintiffs seek an order directing defendant Mi Dan Equipment Corp. ("Mi Dan") to submit Nico's books and records for an audit as required by Collective Bargaining Agreements ("CBAs") and a Restated Agreement and Declaration of Trust ("Trust Agreement").

      Although plaintiffs seek an order compelling an audit in connection with their motion for default judgment, Docket Entry 8, which has been referred to me for a report and recommendation, their request is more appropriately construed to be a discovery application which I have the authority to decide pursuant to 28 U.S.C. § 636(b)(1)(A). Any final judgment, including an award of attorney's fees and costs, should be deferred until after plaintiffs have the opportunity to conduct an audit. *See* FED. R. CIV. P. 54(b) (stating that "the court may direct

entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay").

Plaintiffs have established that they are entitled to an audit of Nico's books and records pursuant to 29 U.S.C. § 1145. Local 282 and The Metropolitan Trucker's Association ("MTA"), on behalf of its member employers, entered into two CBAs: the first was effective from July 1, 2006 through June 30, 2009, and the second from July 1, 2009 through June 30, 2012. Compl. ¶¶ 5, 10; Cody Decl. Exs. B & C.[1] Plaintiffs allege that defendant has been a member of the MTA at all times relevant to this action.[2] Compl. ¶ 10; *see also* Cody Decl. ¶ 6. Thus, defendant is bound by the terms of the CBAs. The Trust Agreement, incorporated by reference into both CBAs, requires employers to submit to periodic audits of "pertinent books and records," which include the books and records of any "business entity which is affiliated" with employers bound to the CBAs and that "has employed persons who have performed the same type of work as the employees" of the covered employer.[3] Compl. ¶¶ 18-20; Cody Decl. Ex. A at 27-28.

In their complaint, plaintiffs allege that Nico is affiliated with Mi Dan, that Nico and Mi Dan have the same address, and that Nico employed persons who have performed the same type of work as Mi Dan's employees. Compl. ¶¶ 8, 13, 21. In their motion for default judgment, plaintiffs submitted a letter dated May 3, 2007 from Nico to plaintiffs, stating that Nico had

---

[1] "Cody Decl." refers to the declaration of Theresa Cody, a senior member of the Collections Department of the Funds, Docket Entry 6.
[2] Plaintiffs do not provide any evidence supporting the allegation that Mi Dan was a member of the MTA. While this allegation can be assumed true in light of the default, plaintiffs shall submit documentation that Mi Dan was in fact a member of the MTA no later than August 12, 2011.
[3] The Trust Agreement also binds employers to submit to audits of affiliate companies if they are under "common control." Cody Decl. Ex. A at 27-28. Although plaintiffs originally alleged both theories to support their claim, Compl. ¶ 21, they now allege only that Nico employed persons who performed the same type of work as Mi Dan employees. *See* declaration of Tzvi N. Mackson, plaintiffs' counsel, ("Mackson Decl.") ¶ 9, Docket Entry 7.

2

"fully contracted and/or leased all unit work" to Mi Dan, and that Nico employees "are now employees of Mi Dan." Mackson Decl. ¶ 10 & Ex. C.

These undisputed allegations, accepted as true in light of defendant's default, sufficiently establish that Mi Dan was required to submit Nico's books and records for an audit pursuant to the CBAs and Trust Agreement. *See Finkel v. Millenium Fire Servs.*, 2011 WL 866995, at *15 (E.D.N.Y. Feb. 16, 2011) (admitting as true undisputed allegations that an entity is an affiliate company) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)); *Labarbera v. ASTC Labs. Inc.*, 752 F. Supp. 2d 263, 272 (E.D.N.Y. 2010) (holding that a company was an affiliate of defendant where plaintiffs alleged the two companies used the same offices, had common management and ownership and shared equipment and employees). Despite letters from the Funds' auditors dated July 21, September 13, and November 30, 2010 requesting an audit, defendant has not submitted Nico's books and records. Compl. ¶¶ 27-29. Defendant's failure to submit these records is a violation of the CBAs and of ERISA. Thus, plaintiffs are entitled to an order directing an audit of the books and records of Nico, Mi Dan's affiliate.

Accordingly, the court orders the following relief: Mi Dan shall produce all of Nico's books and records in Mi Dan's possession, custody, or control no later than **August 12, 2011**. *See* FED. R. CIV. P. 34 (requiring the production of all documents in a party's "possession, custody, or control"). Plaintiffs shall promptly, and in any event no later than August 19, 2011, notify the court whether Mi Dan has complied with this Order. If defendant complies with the audit, plaintiffs shall indicate how much time they need to submit a supplemental motion for default judgment in support of the damages they seek. If defendant fails to comply with this Order, plaintiffs shall indicate how they intend to proceed with their motion.

Upon receipt of this Order, plaintiffs are hereby directed promptly to serve a copy of this Order by certified mail, return receipt requested, on defendant and Nico at their last known addresses, and to provide the Court with a copy of the return receipt.

SO ORDERED.

_____/s/_____
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
July 21, 2011

*U:\kp 2011\Ferrara v. Mi Dan order.doc*