UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
JOSEPH A. FERRARA, SR., et al.,

                     Plaintiffs,                    REPORT &
                                                      RECOMMENDATION
       -against-                             11-CV-1828 (CBA)

MI DAN EQUIPMENT CORP.,

                     Defendant.

------------------------------------------------------------------- x
GOLD, STEVEN M., U.S.M.J.:

      Plaintiffs, trustees of various Local 282 Trust Funds (collectively, the "Funds"), bring this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132, 1145. Plaintiffs allege that defendant Mi Dan Equipment Corp. ("Mi Dan") failed to comply with a requirement to submit the records of its affiliate, Nico Asphalt Paving Inc. ("Nico"), for an audit pursuant to the terms of a Collective Bargaining Agreement ("CBA"). Upon plaintiffs' application and in light of defendant's failure to appear in or otherwise defend this action, the Clerk of the Court entered the default of the defendant. Docket Entry 11. By Order dated June 15, 2011, the Honorable Carol Bagley Amon referred plaintiffs' motion for default judgment to me for a report and recommendation.

Discussion

A.    <u>Liability</u>

      Once a default judgment is entered, a defendant is deemed to have admitted all of the well-pleaded allegations in the compliant pertaining to liability. *See Greyhound Exhibitgroup, Inc., v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). "Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *See Labarbera v. ASTC Labs., Inc.*, 752 F.

Supp. 2d 263, 270 (E.D.N.Y. Oct. 13, 2010) (internal quotation marks omitted). *See also Au Bon Pain Corp v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (recognizing the court's authority, even after default, to determine whether plaintiff has stated a cause of action).

As stated in my prior Order, Docket Entry 15, plaintiffs have established the elements of liability required to state a claim pursuant to 29 U.S.C. § 1145. Defendant Mi Dan was bound by the terms of a CBA, which required it to submit the books and records of its affiliate Nico for an audit, and it failed to do so, even after this court ordered the audit. Accordingly, plaintiffs are entitled to relief under ERISA.

B.  Relief

I have previously entered an order requiring defendant to produce Nico's books and records for an audit. Docket Entry 15. Defendant and Nico failed to comply with the Order. *See* Docket Entry 18. In light of defendant's failure to submit Nico's books and records, plaintiffs seek a judgment against defendant pursuant to ERISA to recoup the attorney's fees they incurred prosecuting this action. Plaintiffs do not seek any other relief.[1]

Plaintiffs request attorney's fees and costs in the amount of $8,021.11. Mackson Supp. Decl. ¶ 7, Docket Entry 20. An award of fees and costs is mandatory pursuant to § 1132(g)(2)(D) of ERISA. *See Trs. of the Local 531 Pension Plan v. Corner Distribs., Inc.*, 2008 WL 2687085, at *5 (E.D.N.Y. July 8, 2008). Plaintiffs have submitted contemporaneous time records with their motion in compliance with *N.Y.S. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983) and *Scott v. City of New York*, 643 F.3d 56, 58-59 (2d Cir. 2011). *See* Mackson Supp. Decl. Ex. B. Based upon these records, plaintiffs seek attorney's

---

[1] In an affidavit submitted in support of their application for entry of a default judgment, plaintiffs indicated that they might estimate the amount of contributions due based upon previously submitted records and seek judgment for the estimated amount. Cody Aff. ¶ 19, Docket Entry 6. Plaintiffs have not, however, submitted any estimated amount of contributions due or sought judgment in any amount other than the fees and costs discussed in the text.

fees in the total amount of $7,469.50, at an hourly rate of $370 for partners, $275 for associates, and $90 for paralegals.[2] Mackson Supp. Decl. ¶ 10 & Ex. B. Although the total amount in fees sought is reasonable, I find the hourly rates are higher than those typically approved in this district in ERISA actions. *See Gesualdi v. T&M Specialties, Ltd.*, 2011 WL 1326648, at *4 (E.D.N.Y. Feb. 18, 2011) (finding that reasonable fees in ERISA cases in this district are at most $300 per hour for partners and $200 per hour for associates); *see also Finkel v. Millenium Fire Servs., LLC*, 2011 WL 866995, at *17 (E.D.N.Y. Feb. 16, 2011) (approving an hourly rate of $250 for a partner with over thirty years of ERISA experience and an hourly rate of $80 per hour for a paralegal). Moreover, plaintiffs provided no support, other than counsel's own statement that the fees are comparable to fees charged by similar firms, Mackson Supp. Decl. ¶ 12, that the hourly rates are reasonable for ERISA litigation in this district. Because the hours expended appear reasonable but the hourly rates are high, I recommend a reduction of $1,400 in plaintiffs' fee request. *See Carey*, 711 F.2d at 1146 (recognizing that a court may make across-the-board reductions). Accordingly, I respectfully recommend that plaintiffs be awarded $6,069.50 in attorney's fees.

Plaintiffs seek $551.61 in costs for photocopies, filing, service, postage, telephone tolls, and computer research. Mackson Supp. Decl. ¶ 13. I find these costs reasonable and compensable and recommend that the full amount of costs be approved. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 369 F.3d 91, 98 (2d Cir. 2004) (recognizing that "[r]easonable expenses incurred in representing a client . . . should be included in the attorney's fee award if such expenses are usually billed"). Therefore, I recommend that plaintiffs be awarded a total of $6,621.11 in fees and costs.

---

[2] The lawyer who spent the most time on this case is an associate with approximately four years of legal experience. Mackson Supp. Decl. ¶¶ 10, 14.

3

<u>Conclusion</u>

For the reasons set forth above, I respectfully recommend that judgment be entered against Mi Dan in the amount of $6,621.11 in attorney's fees and costs.  Any objections to the recommendations made in this Report must be filed within fourteen days of this Report and Recommendation and, in any event, on or before October 24, 2011.  Failure to file timely objections may waive the right to appeal the District Court's Order.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72; *Small v. Sec'y of Health & Human Servs.,* 892 F.2d 15, 16 (2d Cir.1989).  Plaintiffs are hereby directed to serve a copy of this Report upon defendant at its last known address, and to file proof of service with the Court.

/s/<br>
STEVEN M. GOLD<br>
United States Magistrate Judge

Brooklyn, New York  
October 5, 2011

*U:\kp 2011\Ferrara v. Mi Dan r&r.docx*